## BEKINS et al. v. COMPTON–DELEVAN IRR. DIST.

### No. 11737.

Circuit Court of Appeals, Ninth Circuit.
July 21, 1948.

Rehearing Denied Aug. 5, 1948.

W. Coburn Cook, of Turlock, Cal., for appellant.

Peters & Peters, of Chico, Cal., for appellee.

Before GARRECHT, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

On December 13, 1941, appellee, Compton-Delevan Irrigation District, filed with the District Court of the United States for the Northern District of California a petition under chapter 9, §§ 81–84, of the Bankruptcy Act, 11 U.S.C.A. §§ 401–404. Appellee, at the time of filing the petition, had outstanding $384,000 of bonds, of which $11,000 (11 bonds of the face value of $1,000 each) were owned and held by

appellants, Milo W. Bekins and Reed J. Bekins, as trustees, under the last will of Martin Bekins, deceased. With the petition, appellee submitted a plan of composition, under which the bondholders were to surrender their bonds and receive therefor 20% of the principal amount thereof. Thus, under the plan, appellants were to receive for their bonds $2,200 (20% of $11,000).

On March 11, 1942, an interlocutory decree was entered. That decree confirmed the plan, appointed a disbursing agent, required appellee to deposit with the disbursing agent $76,800 (20% of $384,000), directed the bondholders to surrender their bonds to the disbursing agent within a specified time and directed the disbursing agent to pay for bonds so surrendered the amounts payable therefor under the plan and to deposit with the clerk of the court the amounts payable for bonds not so surrendered. Appellee and the disbursing agent complied with the interlocutory decree. Some of the bondholders surrendered their bonds to the disbursing agent. Others, including appellants, did not. The amounts payable for unsurrendered bonds, including the $2,200 payable to appellants, were deposited with the clerk.

Thereafter, on August 17, 1942, a final decree was entered. That decree discharged appellee from all debts and liabilities dealt with in the plan, permitted the bondholders who had not surrendered their bonds to the disbursing agent to surrender them to the clerk within a specified time, directed the clerk to pay for bonds so surrendered the amounts payable therefor under the plan and provided that bonds not so surrendered should be forever barred from participating in the plan or in the funds held by the clerk. Some of the bondholders who had not surrendered their bonds to the disbursing agent surrendered them to the clerk within the time specified in the final decree. Others, including appellants, did not. After the specified time expired, the clerk paid to appellee or expended for appellee's use and benefit the amounts payable for the unsurrendered bonds, including the $2,200 payable to appellants.

Thereafter, prior to August 18, 1944, appellants presented and tendered their bonds to the clerk and requested payment of the $2,200. The request was refused. On August 18, 1944, appellants moved the court to order appellee and the clerk to pay appellants the $2,200 and, if necessary for that purpose, to modify the terms of the final decree. An order denying the motion was entered on September 19, 1944. On July 17, 1945, we reversed that order and remanded the case with directions to grant appellants' motion.[1] Certiorari to review our decision was denied on December 3, 1945.[2] Our mandate issued on December 11, 1945.

On January 25, 1946, the court entered an order which modified the final decree by permitting appellants to present and surrender their bonds to appellee's treasurer within 30 days after the order became final, requiring appellee, upon such presentation and surrender, to pay appellants $2,200 and costs taxed at $161.60, and providing that, "upon the failure of [appellee] to make such payment upon such presentation and surrender * * * [appellants] shall no longer be bound by the terms of the final decree or interlocutory decree herein." A written notice to appellee of the entry of the order was served on February 4, 1946. Proof of such service was filed on February 6, 1946. The order was not appealed from. Hence it became final on March 6, 1946—30 days after the notice was served.[3]

On March 25, 1946, appellants presented their bonds to appellee's treasurer. Appellee failed to pay appellants the $2,200 and the $161.60 mentioned above. Alleging such failure, appellants, on October 7, 1946, moved the court for an order permitting them to bring suits to enforce payment of their bonds in full.[4] On November 14, 1946, appellee moved the court for an order interpreting the order of Janu-

---

[1] Bekins v. Compton-Delevan Irrigation District, 9 Cir., 150 F.2d 526.

[2] Compton-Delevan Irrigation District v. Bekins, 326 U.S. 772, 66 S.Ct. 230, 90 L.Ed. 467.

[3] See § 25, sub. a, of the Bankruptcy Act, 11 U.S.C.A. § 48, sub. a.

[4] The motion of October 7, 1946, was labeled "Application for leave to sue in this matter."

ary 25, 1946, and paid into the registry of the court the $2,200 and the $161.60 mentioned above. On January 6, 1947, the $161.60 was paid to appellants.

On April 23, 1947, the court entered an order interpreting the order of January 25, 1946, as not requiring the court to grant the motion of October 7, 1946. On June 19, 1947, the court entered an order which awarded appellants $350 as attorney's fees and $35 as additional costs and directed appellee to pay these sums · (aggregating $385) into the registry of the court. Appellee did so on June 25, 1947. On July 16, 1947, the court entered an order which denied the motion of October 7, 1946, and directed that the $385 in the registry of the court be paid to appellants.

■ On August 21, 1947, appellants appealed from the orders of April 23, 1947, and July 16, 1947. No notice of the entry of either order was served. The appeal was taken more than 40 days from the entry of the order of April 23, 1947, and less than 40 days from the entry of the order of July 16, 1947. Hence, with respect to the order of April 23, 1947, the appeal was too late. With respect to the order of July 16, 1947, the appeal was in time.[5]

Appellants complain of that part of the order of July 16, 1947, which denied the motion of October 7, 1946—a motion for an order permitting appellants to bring suits to enforce payment of their bonds in full.

As indicated above, the final decree discharged appellee from all debts and liabilities dealt with in the plan, including those evidenced by appellants' bonds. Thus, by the terms of the final decree, appellants were precluded from bringing suits to enforce payment of their bonds in full. However, as indicated above, the final decree was modified by the order of

January 25, 1946. The motion of October 7, 1946, was based on that order.

■ As indicated above, appellants presented their bonds to appellee's treasurer within the 30-day period specified in the order of January 25, 1946, and appellee failed to pay appellants the $2,200 and the $161.60 mentioned above. Appellants contend that, upon such failure, they were no longer bound by the terms of the final decree and hence should have been permitted to bring suits to enforce payment of their bonds in full. We do not agree. The order of January 25, 1946, required appellee to pay appellants the $2,200 and the $161.60, not upon the mere presentation of their bonds to appellee's treasurer within the specified period, but upon the presentation and surrender of their bonds to appellee's treasurer within the specified period. Appellants' bonds were not surrendered to appellee's treasurer within the specified period or at all. Hence the final provision of the order of January 25, 1946,[6] was inapplicable.

■ Despite appellants' failure to surrender their bonds to appellee's treasurer, the $2,200, the $161.60 and the $385 mentioned above were paid into the registry of the court for payment to appellants, and the $161.60 was paid to appellants. The order of July 16, 1947, directed the registrar (clerk) of the court to pay appellants the $385. It should have directed him to pay appellants the $2,200, as well as the $385. It will be modified so as to require such payment.

With respect to the order of April 23, 1947, the appeal is dismissed.

The order of July 16, 1947, is modified as indicated above and, as thus modified, is affirmed.

---

[5] See § 25, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 48, sub. a.

[6] The provision that, "upon the failure of [appellee] to make such payment upon such presentation and surrender * * * [appellants] shall no longer be bound by the terms of the final decree or interlocutory decree herein."